Dear Mr. Bopp:
Your request has been directed to the undersigned for research and reply. Your question, as I appreciate it, is:
 Would an anabolic steroid, when combined with another legend drug approved by the federal Food and Drug Administration and prescribed solely for a valid medical purpose, be exempt from La. R.S. 40:964(F) as a dangerous controlled substance listed in Schedule II?
Act 542 of 1990 Louisiana Legislature enacted La. R.S. 40:964(F), which added anabolic steroids and related substances to Schedule II as controlled dangerous substances. The newly created subsection 964(F) provides:
 F. Anabolic steroids and muscle building substances.
 Unless specifically excepted or unless listed in another schedule, any material compound, mixture, or preparation, which contains any quantity of anabolic steroids, including, but not limited to, the following substances, or any material which contains any of their salts, isomers, or salts of isomers whenever the existence of such salts, isomers, or salts of isomers is possible within the specific chemical designation: [List of substances (1) through (26) omitted.]
La. R.S. 40:964(F) clearly states that any material compound, mixture or preparation containing any quantity of anabolic steroids falls under the control provided in Schedule II. The only exceptions are when it is "specifically excepted" or "unless listed in another schedule."
Accordingly, the wording of La. R.S. 40:964(F) would encompass any material compound, mixture, or preparation, including F.D.A.-approved legend drugs, under its proscriptions if it contained any quantity of anabolic steroids. The presence of an F.D.A.-approved legend drug along with anabolic steroids does not exempt that mixture from its listing as a controlled dangerous substance.
Additionally, the fact that an anabolic steroid/F.D.A.-approved legend drug mixture is being used solely for a valid medical purpose has no bearing on whether that drug is considered a controlled dangerous substance under La. R.S. 40:964(F). A valid medical purpose only applies to the authority of a physician to prescribe, dispense and deliver anabolic steroids for human use under La. R.S. 40:1239, and is irrelevant to whether or not that drug is considered a controlled dangerous substance under La. R.S. 40:964(F). Additionally, the penalty provision for Schedule II drugs as provided in La. R.S. 40:967(C) specifically exempts from criminal sanctions anyone who possesses a Schedule II drug when "obtained directly, or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978 or R.S.40:1239, while acting in the course of his professional practice . . ."
As a result, it is the opinion of this office that any anabolic steroid combined with an F.D.A.-approved legend drug is not "specifically exempted" and therefore, is subject to regulation as a controlled dangerous substance under La. R.S. 40:964(F).
Should you have any questions, or need any further assistance, please do not hesitate to call.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KATHLEEN E. PETERSEN Assistant Attorney General